UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-CV-00503-MOC-DSC

| | | |
|---|---|---|
| **JACQUELINE LEGUIA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BRIAN T. MOYNIHAN,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion to Dismiss. Plaintiff, who is proceeding pro se, was advised in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) of the necessity of responding, advised of the consequences of not responding, and allowed additional time to file a response to the dispositive motion. See Orders (#9). Plaintiff has not filed a response within the time allowed. Having considered defendant's motion and reviewed the pleadings, the Court enters the following Order dismissing this action.

In considering the motions to dismiss, the Court has drawn all facts and inferences from the Complaint in a manner most favorable to plaintiff. In determining whether a claim can survive a motion under Rule 12(b)(6), the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) that the "no set of facts" standard only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id. at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561 (alteration

1

in original). Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a claimant must allege facts in his complaint that "raise a right to relief above the speculative level." Id. at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a claimant must plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id. at 570 (emphasis added).

Post-Twombly, the Court revisited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 678. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability ...." Id. While the court accepts plausible factual allegations made in a claim as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

2

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. To survive a motion to dismiss, a plaintiff need not demonstrate that her right to relief is probable or that alternative explanations are less likely; rather, she must merely advance her claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. If her explanation is plausible, her complaint survives a motion to dismiss under Rule 12(b)(6), regardless of whether there is a more plausible alternative explanation. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

Here, the plaintiff has not responded to the Motion to Dismiss. The Court has, therefore, closely considered the defendant's motion and supporting memorandum as the Court's duty does not end when a pro se party fails to respond. Having read the Complaint (#1) liberally, plaintiff contends that there was a "trespass upon [her] property" that began on March 4, 2008. Id. at 1. For relief, plaintiff demands "immediate restoration of property" and $2,260,201.58 in monetary compensation. While it would be reasonable to infer that plaintiff is upset with some sort of legal action taken by the named-defendant's employer, Bank of America, N.A., against her property, there are no factual allegations that would support any claim, much less trespass, by the named defendant. It is well settled that neither an officer nor a director is personally liable for torts

committed by the corporation merely by virtue of the office they hold. Oberlin Capital, L.P. v. Slavin, 147 N.C. App. 52, 57 (2001). The Court has searched the Complaint and the individual defendant is not mentioned anywhere, except in the caption.

Finally, the Court has considered whether plaintiff has alleged plausible facts that would support an action for trespass. The essential elements of a claim for civil trespass are: (1) that the plaintiff was in possession of real property at the time of trespass; (2) that defendant, without authorization, unlawfully entered such real property; and (3) that plaintiff sustained damage as a result of the unlawful entry. Broughton v. McClatchy Newspapers, Inc., 161 N.C.App. 20, 32 (2003). The Complaint fails to identify the property, who owned the property or had an interest in the property, when the named defendant entered her property, or the sources of her claim for damages, which exceeds two million dollars. The Court, therefore, concludes that the Complaint fails to state a claim.

The final consideration is whether this dismissal should be with or without prejudice. Because an employee cannot be held individually liable for the alleged torts of his or her employer, that error cannot be cured by amendment and the Rule 12(b)(6) dismissal for this reason will be with prejudice. Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 624 (4th Cir. 2015).

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#8) is **GRANTED**, and this action as against this defendant is **DISMISSED** with prejudice.

Signed: February 6, 2019



Max O. Cogburn Jr
United States District Judge